IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALVIN FRANKLIN,<br>TDCJ-CID NO.1296390, | §<br>§<br>§ | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION H-07-1753 |
| | § | |
| NATHANIEL QUARTERMAN, | §<br>§ | |
| Respondent. | § | |

MEMORANDUM AND ORDER ON DISMISSAL

Petitioner Alvin Franklin, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2005 state court felony conviction. For the reasons that follow, the Court will dismiss the petition pursuant to 28 U.S.C. § 2244(d) because it is barred by the governing statute of limitations.

I.  PROCEDURAL HISTORY

Petitioner reports that, on March 31, 2005, he was convicted in the 9th District Court of Montgomery County, Texas, of the felony offense of aggravated robbery in cause number 04-08-06808-CR and sentenced to twelve years confinement in TDCJ-CID. (Docket Entry No.1). Petitioner did not file a motion for new trial or a notice of appeal from his aggravated robbery conviction. Thus, under Rule 26.2(a)(1) of the Texas Rules of Appellate Procedure, petitioner's conviction became final for purposes of federal habeas corpus review thirty days after the day his sentence was imposed,

on or about April 30, 2005. See 28 U.S.C. § 2244(d)(1)(A).

Petitioner filed an application for a writ of habeas corpus in the 9th District Court on April 18, 2006. (Deputy Clerk of Montgomery County, Texas, by telephone). The Texas Court of Criminal Appeals denied the application without written order on the trial court's findings without a hearing on August 30, 2006. (Docket Entry No.1).

Petitioner filed the pending federal petition for a writ of habeas corpus with this Court on May 21, 2007.[1] Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Lindh v. Murphy, 521 U.S. 320 (1997). Petitioner seeks federal habeas relief on grounds that he was denied the effective assistance of counsel at trial, his indictment was defective, and his plea was involuntary. (Docket Entry No.2).

II. <u>ONE-YEAR STATUTE OF LIMITATIONS</u>

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1)   A 1-year period of limitation shall

---

[1] The district clerk actually recorded the petition as filed on May 24, 2007, but petitioner indicates that he executed the petition on May 21, 2007. For statute of limitations purposes, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. Fisher v. Johnson, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

2

>     apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh, 521 U.S. 320). Because petitioner's petition was filed well after that date, the

3

one-year limitations period applies to his claims. Flanagan, 154 F.3d at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999). This Court may therefore properly determine at the outset whether petitioner's petition is timely or not. As noted above, under AEDPA, petitioner's one-year limitation period began on or about April 30, 2005, the last day petitioner could have filed a motion for new trial or a direct appeal in state court. See TEX. R. APP. PROC. 26.2(a)(1). That date triggered the one-year limitations period which expired on April 30, 2006. Petitioner's state application was pending before the Texas Court of Criminal Appeals for 134 days; thus tolling the limitations period for filing the federal application until September 11, 2006. A properly filed state writ application tolls the limitations period while the claim or judgment is pending in state court. 28 U.S.C. § 2244(d)(2); Villegas v. Johnson, 184 F.3d 467, 473 (5th Cir. 1999) (concluding petition filed in accordance with state's procedural filing requirements tolls one-year limitations period during pendency of petition). Petitioner's federal habeas corpus petition, filed on May 21, 2007, is therefore untimely.

Petitioner alleges that he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(B). Section 2244(d)(1)(B) provides that the limitations period will run on "the date on which the

4

impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Specifically, petitioner alleges that the State denied him access to the courts because the law libraries at the Dominguez State Jail and the Garza East Unit of TDCJ-CID do not have a complete copy of the Texas Constitution, United States Constitution, and the AEDPA. Petitioner contends because of these inadequacies, he was unaware of which constitutional rights had been violated and unaware of the AEDPA limitations period. (Docket Entry No.5).

The Fifth Circuit has recognized that the failure to provide materials necessary to challenge a conviction, including an inadequate library, may constitute an "impediment" created by the State and can invoke statutory tolling under 28 U.S.C. § 2244(d)(1)(B) if the prisoner was actually unaware of the AEDPA prior to the expiration of the limitations period. Egerton v. Cockrell, 334 F.3d 433 (5th Cir. 2003). Petitioner, however, makes no such showing. State records reflect that following his conviction, petitioner was transferred to the Holiday Unit and the Travis County State Jail in May, 2005. (Information obtained telephonically from TDCJ-CID). In August, 2005, he was transferred to the Huntsville Unit on a bench warrant. (Id.). In September, 2005, he was transferred to the Garza West Unit, where he remained until his transfer to the Garza East Unit in mid October, 2005,

seven months after his conviction, and six months into the AEDPA limitations period. (Id.). Petitioner does not allege that the law libraries at these facilities were inadequate or that he attempted to use the available services at these facilities.[2]

Petitioner further fails to show that the alleged inadequacies of the law libraries at the Garza East Unit and the Dominguez State Jail prevented him from seeking habeas relief. On April 18, 2006, six months after his transfer to the Garza East Unit and a few days before the expiration of the AEDPA limitations period, petitioner filed a state habeas application challenging the present offense. (Docket Entry No.1). During the same month, he also filed two other state habeas applications, challenging his August 2005, convictions from Harris County, Texas for driving while intoxicated and aggravated robbery, respectively. See Franklin v. Quarterman, Civil Action No.4:07cv701 (S.D. Tex. Mar. 27, 2007), Franklin v. Quarterman, Civil Action No.4:07cv874 (S.D. Tex. Mar. 27, 2007). Petitioner was transferred to the Dominguez State Jail on July 13, 2006, months after limitations in the present case expired. (Incarceration history obtained telephonically from TDCJ-CID). While incarcerated in the Dominguez State Jail, the Texas Court of Criminal Appeals denied his state habeas application in the pending

---

[2] In fact, petitioner acknowledges that he had, in fact, conducted some legal research before his transfer to the Garza East Unit and the Dominguez State Jail. Petition complains that TDCJ-CID officials denied him access to his legal research materials in July, 2005, while he was detained in the Harris County Jail for a trial on new criminal charges. (Docket Entry No.5).

case on August 30, 2006. (Docket Entry No.1). However, instead of seeking federal habeas relief on the pending conviction, petitioner filed two federal habeas petitions seeking relief from the August 2005 state convictions. See Franklin v. Quarterman, Civil Action No.4:07cv701 (S.D. Tex. Mar. 27, 2007), Franklin v. Quarterman, Civil Action No.4:07cv874 (S.D. Tex. Mar. 27, 2007). Petitioner did not seek federal habeas relief from the present conviction until May, 2007, after this Court denied his habeas petitions in Civil Action No.4:07cv701 and Civil Action No.4:07cv874. (Docket Entries No.1, No.5). Petitioner indicates that he purposefully filed the federal petitions in Civil Action No.4:07cv701 and No.4:07cv874 before filing the present petition to resolve a claim of ineffective assistance of counsel. (Docket Entry No.5). By his own account, petitioner created his own impediment to federal habeas relief; he failed to diligently pursue habeas relief in this case.

Petitioner also claims that he is entitled to statutory tolling under the State-created impediment exception because TDCJ limited access to the law library to ten hours a week. (Docket Entry No.5). Petitioner, however, fails to show how such limitation violates the United States Constitution or federal law or how it prevented him from seeking state or federal habeas relief.

Petitioner further claims that from July 1, 2005, to October 1, 2005, during his detention in the Harris County Jail while

7

facing trial on new criminal charges, the State created an impediment to his filing a timely petition in this case by denying him access to his legal research materials.[3] (Id.). Petitioner, however, fails to show how the placement of a temporary hold on access to legal research material constitutes an impediment that violates the Constitution or federal law under circumstances such as a criminal trial on new charges. Moreover, he fails to show that during his detention in the Harris County Jail he was denied access to the Jail's law library, where he might conduct additional research. Accordingly, petitioner fails to show that the State created an impediment that would entitle him to statutory tolling of the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(B).

To the extent that petitioner seeks equitable tolling of the limitations period on any of the grounds upon which he seeks statutory tolling, he fails to show his entitlement to such relief. Generally, equitable tolling is appropriate "only in rare and exceptional circumstance." Egerton, 334 F.3d at 436. The inability to obtain research materials, the denial of access to a law library, ignorance of the law and proceeding *pro se* are not such rare and exceptional circumstances as will warrant equitable tolling. See Scott v. Johnson, 227 F.3d 260, 263 & n.3 (5th Cir.

---

[3] Petitioner's statement regarding the dates of his detention in the Harris County Jail pending trial conflicts with state records. State records reflect that petitioner was transferred to the Huntsville Unit of TDCJ-CID on a bench warrant on August 9, 2005. He was bench warranted on August 10, 2005, presumably to the Harris County Jail. On September 14, 2005, he was transferred to the Garza West Unit. (Information obtained telephonically from TDCJ).

2000); Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999).

Petitioner also seeks equitable tolling from April 25, 2007, to May 25, 2007, the time during which he claims a grievance against his trial counsel was pending in the State Bar of Texas. (Docket Entry No.5). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996). Petitioner fails to show that he was prevented from asserting his rights regarding the ineffectiveness of his trial counsel's representation in this Court by the pendency of his grievance with the State Bar of Texas.

Moreover, equitable tolling should only be applied if the applicant diligently pursues § 2254 relief. Scott, 227 F.3d at 262. In this case, petitioner fails to show that he diligently pursued such relief. Specifically, petitioner fails to show why he waited to file his federal petition eight months after the Texas Court of Criminal Appeals denied his state habeas application to file the pending habeas petition. See Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001) (finding four-month delay in filing petition after state-court ruling was not sufficiently diligent to warrant equitable tolling).

Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there

9

a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *See* Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999).

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

III. <u>CERTIFICATE OF APPEALABILITY</u>

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a

4

valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beazley, 242 F.3d at 263 (quoting Slack, 529 U.S. at 484); see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth in this Memorandum and Order on Dismissal, the Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore a certificate of appealability from this decision will not issue.

IV. CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. A certificate of appealability is DENIED.

3. This cause of action is DISMISSED with prejudice.

4. All pending motions, if any, are DENIED.

Signed at Houston, Texas, on July 31, 2007.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE